10-0325-cv
Woodruff v. Nat'l R.R. Passenger Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT:   PIERRE N. LEVAL,
               REENA RAGGI,
               DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*

-------------------------------------------------------------------------

ERIC WOODRUFF,

                 *Plaintiff-Appellant*,

        v.                                                  10-0325-cv

NATIONAL RAILROAD PASSENGER CORPORATION,
                 *Defendant-Appellee.*

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:    ERIC M. WOODRUFF, *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEE:    WILLIAM G. BALLAINE (Kevin P. Sullivan, *on the brief*), Landman Corsi Ballaine & Ford P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Harold Baer, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 23, 2009, is AFFIRMED.

Pro se plaintiff Eric Woodruff, who sued defendant National Railroad Passenger Corporation under federal and state law for disability discrimination in employment, appeals from the dismissal of his Americans with Disabilities Act claims as time-barred. See 42 U.S.C. § 12112 et seq.[1] We review a district court's dismissal of a complaint de novo, accepting the allegations as true and drawing all reasonable inferences in plaintiff's favor, see, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475-76 (2d Cir. 2009), consistent with the pleading standards articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In doing so, we assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

Upon careful review of the record, we conclude that plaintiff's claims were properly dismissed for the reason stated by the district court, i.e., they were untimely filed. See 42 U.S.C. § 12117(a); see also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002). We are not persuaded by plaintiff's contention that his administrative complaint was timely filed within 300 days of the final disposition of a grievance proceeding challenging

_____

[1] As Woodruff's appeal does not address his New York State Human Rights Law claim, we deem all arguments with respect to this cause of action waived. See, e.g., Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 28-29 (2d Cir. 2010). In any event, this claim is also time-barred because Woodruff failed to file suit within three years of termination as required by New York law. See Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (citing Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 306-07, 461 N.Y.S.2d 232, 238-40 (1983)).

his termination because "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." Delaware State Coll. v. Ricks, 449 U.S. 250, 261 (1980); see also Bates v. Long Island R.R., 997 F.2d 1028, 1037 (2d Cir. 1993) (noting that "grievance proceeding did not toll the limitations period" for disability discrimination claim).

We have considered Woodruff's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court